IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CT-3097-BO

| | | |
|---|---|---|
| ROGER STEVENSON,<br>Plaintiff, | )<br>)<br>) | |
| v. | ) | O R D E R |
| GLENN WILLIAMS,<br>Defendant. | )<br>)<br>)<br>) | |

Plaintiff Roger Stevenson, is an inmate incarcerated in the custody of the North Carolina Department of Correction ("NCDOC") He filed a civil rights action under 42 U.S.C. § 1983 against defendant Glenn Williams, P.A.. Defendant Williams is now before the court with a motion to dismiss. Plaintiff Stevenson responded to the motion and defendant Williams replied. The matter is ripe for determination. For the reasons stated below the motion is allowed.

Plaintiff's allegations are that defendant Williams failed to check his medical records and failed to prescribe medication for car or travel sickness. From the allegations, plaintiff alleges violations of his due process rights pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and the Eighth Amendment.

Specifically, plaintiff alleges that between July 2006 and May 2007, he became ill during various transfers between NCDOC facilities and was denied medication to prevent such car sickness. In July 2006, plaintiff was transferred by car from Marion Correctional Institution ("Marion") to Maury Correctional Institutional ("Maury"). Prior to the transfer, his request for car sickness medication was denied by the officer-in-charge. Plaintiff alleges that during the transfer, he experienced nausea, headaches, and vomited several times. Plaintiff states that two to four weeks later, he was examined by defendant Williams at Maury. At that examination,

plaintiff requested medication to "prevent becoming sick on future road trips." Plaintiff alleges defendant Williams did not prescribe medication for potential car sickness on future road trips. This was based on the fact plaintiff exhibited no symptoms at the time of the appointment. Defendant Williams explained that the potential need for medication on future road trips would be addressed at the time of inmate Stevenson's next trip.

Plaintiff's next transfer occurred on April 19, 2007, approximately nine months after his examination by defendant Williams. Plaintiff alleges that prior to the April 19, 2007, transfer from Maury to Bertie Correctional Institution ("Bertie"), he notified the officer-in-charge, Lt. Williams, of his potential car sickness.[1] The request for medication was denied. Plaintiff alleges that as a result of being denied medication, he became sick in transit.

Plaintiff alleges that once he arrived at Bertie he was seen by an intake screening nurse. The nurse explained his car sickness complaints would need to be addressed with a sick call request when plaintiff Stevenson returned to his assigned unit. Plaintiff alleges he submitted a sick call request at Bertie but was transferred on May 7, 2007, prior to the appointment. Plaintiff alleges that prior to his transfer from Bertie to Maury on May 7, 2007, he notified the officer-in-charge of his potential car sickness and requested medication. Again the request was denied. Plaintiff further alleges that as a result of the denial of medication, he became sick and vomited several times during the trip from Bertie to Maury. Plaintiff alleges that upon arrival at Maury, he was "given medication for his headaches" but was denied medication for his car sickness. Plaintiff alleges that on his return trip to Bertie later that same day, he became ill and

---

[1] The record is very clear that Lt. Williams and defendant Williams are not the same person. Defendant Williams is a physician assistant at Maury while Lt. Williams is the correctional officer-in-charge.

2

vomited. Plaintiff further alleges that upon arrival at Bertie, he was examined by a physician's assistant at Bertie who prescribed medication for his car sickness complaints.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

To state a claim under 42 U.S.C. § 1983, Stevenson must allege: (1) that defendant deprived him of a right secured by the Constitution and laws of the United States; and (2) that defendant deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Stevenson seeks relief under the Eighth Amendment. To show a violation of the Eighth Amendment, Mitchell "must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters,

3

989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The first prong requires the court to determine whether the deprivation was objectively sufficiently serious, while the second prong requires the court to determine whether the officials acted with a subjectively sufficiently culpable state of mind. Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "[D]eliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). "It requires that a prison official know of and disregard [an] objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Thus, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). Disagreement with medical staff over the course of treatment is not sufficient to state an Eighth Amendment deliberate indifference claim. See, e.g., De'Lonta v. Angelone, 330 F.3d 630, 635 (4th Cir. 2003); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105–06 (1976) (noting that mere negligence in diagnosis or treatment is insufficient to state a valid Eighth Amendment claim and emphasizing that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner").

Plaintiff's Complaint does not allege that defendant Williams refused to treat plaintiff. Neither does the Complaint or response to the motion to dismiss assert that defendant Williams failed to provide medical care to plaintiff. The focus of the Complaint is that while defendant Williams examined plaintiff, he failed to prescribe medication for car sickness. This, plaintiff

4

states, was based on the fact plaintiff did not present with symptoms upon examination. Plaintiff states that he received treatment from other healthcare providers on several occasions. Plaintiff also alleges that while he was incarcerated at Bertie, he was seen by a nurse, who performed an intake screening, and was also examined by a physician's assistant, who prescribed medication for his car sickness. Thus, the allegations do not support a claim for cruel and unusual punishment. The facts before the court show defendant Williams treated plaintiff when requested. The facts also indicate defendant Williams made the informed decision not to prescribe medication for car sickness on "future road trips" after the examination of plaintiff, and after finding plaintiff exhibited no symptoms. The decision was explained to plaintiff Stevenson. Defendant Williams also explained that any potential car sickness would be addressed at the time of any future transfers. No such transfer occurred until nine months later. Plaintiff does not allege that defendant Williams had personal knowledge of the transfers. Plaintiff does not allege that he requested to be seen by defendant Williams at any time following his examination in 2006 or was denied treatment by defendant Williams prior to any transfer. These allegations fail to state a claim against defendant Williams for a violation of Plaintiff's Eighth Amendment rights.

As for the due process allegations, plaintiff Stevenson seeks a voluntary dismissal. (See Response, D.E. # 31, pp. 1, 32-33). Defendant Williams, pursuant to Rule 41 of the Federal Rules of Civil Procedure, stipulates to the dismissal of Plaintiff's Fourteenth Amendment due process claim against him.

For the above stated reasons, defendant's motion to dismiss is GRANTED as to the Eighth Amendment claim. The due process claim is voluntary dismissed without prejudice. The Clerk is DIRECTED to close the case.

5

SO ORDERED, this the 20 day of July 2011.

												TERRENCE W. BOYLE
												United States District Judge